IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 1:18-CV-637-RP |
| Plaintiffs, | § § | |
| v. | § § | **Plaintiffs' Motion to Alter or Amend the Judgment** |
| GURBIR GREWAL, in his official capacity as New Jersey Attorney General; MICHAEL FEUER, in his official capacity as Los Angeles City Attorney; ANDREW CUOMO, in his official capacity as New York Governor; MATTHEW DENN, in his official capacity as Attorney General of the State of Delaware; JOSH SHAPIRO, in his official capacity as Attorney General of Pennsylvania; and THOMAS WOLF, in his official capacity as Pennsylvania Governor, | § § § § § § § § § § § § § | |
| Defendants. | § | |

Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. file this motion to alter or amend the "Final Judgment" entered on January 30, 2019. *See* Fed. R. Civ. P. 59.

**Argument**

The Court issued this action's final judgment on January 30, 2019. Dkt. 100. Federal Rule of Civil Procedure Rule 59(e) gives the Court authority to alter or amend that judgment if an error of law or fact is manifest. *See, e.g.*, *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). The Court should do so here for two reasons. One concerns a manifest error in the Court's analysis of specific jurisdiction's notion of "fortuity." The other concerns a manifest error in the Court's decision to deny both jurisdictional discovery and leave to amend.

## I.     On the current record, specific jurisdiction has been established.

With respect to the central question of specific jurisdiction regarding all defendants, the Court's decision rests upon a keystone conclusion about "fortuity": "The only relationship any of the Defendants' actions have with the State of Texas is the 'mere fortuity' that Defense Distributed resides there." Dkt. 100 at 11. This concept of "fortuity" is a manifest error that proves too much.

The error in the order's "fortuity" analysis is illustrated by *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999). In that case, Judge Higginbotham's opinion for the court rightly concluded that a "fortuity" excuse does not work where, as here, "the actual content of communications with a forum gives rise to intentional tort causes of action":

> The defendant argues that communications directed into a forum standing alone are insufficient to support a finding of minimum contacts. *See, e.g.*, *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir.1986); *Patterson v. Dietz, Inc.*, 764 F.2d 1145, 1147 (5th Cir.1985); *Nationwide Mutual Ins. v. Tryg International Ins.*, 91 F.3d 790, 796 (6th Cir.1996); *Reynolds v. International Amateur Athletic Fed.*, 23 F.3d 1110, 1116 (6th Cir.1994); *FDIC v. Malmo*, 939 F.2d 535 (8th Cir.1991); *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir.1987). *Cf. Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir.1997) (service of process on plaintiff in forum insufficient to support personal jurisdiction in abuse of prosecution claim).
>
> In all of these cases, however, the communications with the forum did not actually give rise to a cause of action. Instead, the communications merely solicited business from the forum, negotiated a contract, formed an initial attorney client relationship, or involved services not alleged to form the basis of the complaint. These cases are thus distinguishable from the present case. *When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment. The defendant is purposefully availing himself of "the privilege of causing a consequence" in Texas. Cf. Serras v. First Tennessee Bank National Ass'n.*, 875 F.2d 1212 (6th Cir.1989). It is of no use to say that the plaintiff "fortuitously" resided in Texas. *See Holt Oil*, 801 F.2d at 778. If this argument were valid in the tort context, the defendant could mail a bomb to a person in Texas but claim Texas had no jurisdiction because it was fortuitous that the victim's zip code was in Texas. It may have been fortuitous, but the tortious nature of the directed activity constitutes purposeful availment.

*Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) (emphasis added);

Just as in *Wien Air*, communications such as the cease-and-desist letter that Defendant Gurbir Grewal delivered into Texas were themselves a distinct tort—the constitutional tort Congress codified in 42 U.S.C. § 1983. Thus, in this context of intentional wrongdoing expressly aimed at and delivered to Texas, it "is of no use to say that the plaintiff 'fortuitously' resided in Texas." *Id; see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (Kennedy, J., concurring) ("in some cases, as with an intentional tort, the defendant might well fall within the State's authority by reason of his attempt to obstruct its laws").

**II.     At a minimum, Plaintiffs are entitled to discovery and/or leave to amend.**

In response to the motion to dismiss of Defendant Gurbir Grewal, the Plaintiffs argued, among other things, that dismissal was unwarranted because of the need for "jurisdictional discovery about the relationship between the moving defendants and the three gun control groups (the Brady Campaign to Prevent Gun Violence, Everytown for Gun Safety Action Fund, Inc. and Giffords) that 'tried to intervene in *Defense Distributed I* and tried to obtain an order temporarily restraining the Settlement Agreement's effectuation.'" Dkt. 73 at 14. The order granting the motion to dismiss rejects this argument for two reasons that should be revisited.

First, the order refuses to permit jurisdictional discovery by concluding that discovery of Defendant Gurbir Grewal's agency relationship with the gun control groups would be "futile" because "this case and *Defense Distributed I* are not sufficiently related for purposes of exercising personal jurisdiction." Dkt. 100 at 14. This is a manifest error that warrants Rule 59 relief.

The applicable relatedness requirement is not as strenuous as the order presupposes. To decide whether conduct in one lawsuit counts toward personal jurisdiction in a second lawsuit, the applicable rule is this: By choosing to participate in a Texas lawsuit about a given transaction, a litigant consents to Texas courts' exercise of personal jurisdiction over all claims that "arise from

the same general transaction." *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 143 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). This is the rule across Texas[1] and nationwide, *see e.g.*, *Gen. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 23-24 (1st Cir. 1991).[2]

Here, the relatedness requirement is met because the gun control groups' litigation conduct in *Defense Distributed I* relates to the same general transaction that is at issue here. In *Defense Distributed I*, the gun control groups submitted themselves to this Court's jurisdiction for the purpose of litigating Defense Distributed's right to publish the *Defense Distributed I* Files in light of the Settlement Agreement . *See* Dkt. 111 at 1-3. Since the instant case also arises from that same general transaction, *see* Dkt. 23 at 6-14, ¶¶27-63, the gun control groups' consent to the exercise of personal jurisdiction in *Defense Distributed I* constitutes consent to the exercise of personal jurisdiction here. And if, as Plaintiffs seek to discover, Defendant Gurbir Grewal is

---

[1] *See Furie Petro. Co. v. Ben Garnes Grp.*, No. 03-14-00181-CV, 2015 WL 6459606, at *6 (Tex. App.—Austin Oct. 23, 2015, no pet.); *Wainwright v. Williams*, No. 04-13-00359-CV, 2014 WL 7340525, at *4 (Tex. App.—San Antonio Dec. 23, 2014, no pet.); *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 422 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *In re Estate of Davis*, 216 S.W.3d 537, 546 (Tex. App.—Texarkana 2007, pet. denied); *Tuscano v. Osterberg*, 82 S.W.3d 457, 467 (Tex. App.—El Paso 2002, no pet.), *abrogated in part on other grounds*, *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789 (Tex. 2002); *Primera Vista S.P.R. de R.L. v. Banca Serfin, S.A.*, 974 S.W.2d 918, 926 (Tex. App.—El Paso 1998, no pet.).

[2] *See Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380 (5th Cir. 2004) (unpublished); *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe Gmbh*, No. 3:14-CV-3300-B, 2015 WL 4162599, at *3 (N.D. Tex. July 9, 2015); *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008); *Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 667 (N.D. Tex. 2002); *see also Moldauer v. Constellation Brands Inc.*, 87 F. Supp. 3d 148, 155 (D.D.C. 2015); *Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F. Supp. 2d 489, 501 (D. Del. 2012); *George Mason Univ. Found., Inc. v. Morris*, No. 3:11-CV-848, 2012 WL 1222589, at *5-6 (E.D. Va. Apr. 11, 2012) (mem. op.); *Praetorian Specialty Ins. Co. v. Auguillard Constr. Co.*, 829 F. Supp. 2d 456, 465-66 (W.D. La. 2010); *Tuckerbrook Alternative Invs., LP v. Banerjee*, 754 F. Supp. 2d 177, 184 (D. Mass. 2010); *Neuralstem, Inc. v. StemCells, Inc.*, 573 F. Supp. 2d 888, 898 (D. Md. 2008); *Larson v. Galliher*, No. 2:06-CV-1471-RCJ-GWF, 2007 WL 81930, at *2 (D. Nev. Jan. 5, 2007).

legally responsible for those actions because of an agency relationship between himself and the gun control groups, then he would be deemed to have consented to this Court's jurisdiction. *See* Dkt. 73 at 14 (citing *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) ("A defendant may be subject to personal jurisdiction because of the activities of its agent within the forum state . . ."). The order's contrary conclusion should be corrected.

Second, the order refuses to permit jurisdictional discovery by holding that the Plaintiffs "*failed to plead* sufficient facts to base personal jurisdiction on any relationship between Defendants and the three gun control advocacy groups." Dkt. 100 at 14 (emphasis added). This too constitutes a manifest error that warrants relief under Rule 59.

Facts regarding personal jurisdiction need not be pleaded with particularity. *See* Dkt. 83 at 4 ("the rules do not require that such facts be pleaded with particularity"). Rule 9 imposes that kind of heightened pleading requirement for allegations such as fraud. *See* Fed. R. Civ. P. 9(b). But no such heightened pleading requirement applies to facts regarding personal jurisdiction. Rule 8 requires nothing but "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint meets that test. *See* Dkt. 23 at 5-6, 16-18, ¶¶ 21-26, 75-87.

To hold otherwise, the order says that "Plaintiffs wish to base the Defendants' minimum contacts on actions taken by these third parties [the gun control groups], . . . whose supposed relationship with the Defendants is *not alleged* anywhere in Plaintiffs' amended complaint." Dkt. 100 at 23 (emphasis added). But those are the kind of particularized facts that Rule 8 does not require of jurisdictional allegations. Moreover, even if the gun control groups' "relationship with the Defendants" needed to be alleged, the Court should have granted the Plaintiffs leave to file an amended complaint doing so.

In response to the motion to dismiss, the Plaintiffs both (1) argued that the current pleadings did not warrant dismissal of the action against Defendant Gurbir Grewal, *and* (2) requested leave to amend their complaint to cure any defects the Court might find:

> The motions to dismiss should be denied. In the event that the Court grants the any of motions to dismiss in whole or in part, Plaintiffs request leave to amend their complaint to cure any defects. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Dkt. 73 at 20.  That same filing also specified the reasons to believe that the gun control groups "litigated in Texas at the direction of" Defendant Gurbir Grewal.  Dkt. 73 at 14 & n.8.  Assuming that the Court's other conclusions make it necessary to include that assertion in the complaint (as opposed to the response to the motion to dismiss), the Plaintiffs should be allowed to do so.

"Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).  No substantial reason to deny leave to amend exists here, so it should have been granted.

## Conclusion

The motion should be granted.  First and foremost, for the reasons set forth in Part I of this motion, the Court should amend the judgment by withdrawing the decision to dismiss the Plaintiffs' action as to all defendants.  Second, and at a minimum, for the reasons set forth in Part II of this motion, the Court should amend the judgment by withdrawing the decision to dismiss the Plaintiffs' action as to Defendant Gurbir Grewal.

Date: February 27, 2019							Respectfully submitted,

											BECK REDDEN LLP
											By /s/ Chad Flores
											Chad Flores*
											cflores@beckredden.com
											State Bar No. 24059759
											Daniel N. Hammond*
											Texas State Bar No. 24098886
											dhammond@beckredden.com
											1221 McKinney St., Suite 4500
											Houston, TX 77010
											(713) 951-3700 | (713) 952-3720 (fax)

											FARHANG & MEDCOFF
											Matthew Goldstein*
											mgoldstein@fmlaw.law
											D.C. Bar No. 975000
											4801 E. Broadway Blvd., Suite 311
											Tucson, AZ 85711
											(202) 550-0040 | (520) 790-5433 (fax)

											Josh Blackman
											joshblackman@gmail.com
											Virginia Bar No. 78292
											1303 San Jacinto Street
											Houston, TX 77002
											(202) 294-9003 | (713) 646-1766 (fax)

											*Admitted *pro hac vice*

											Attorneys for Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

On February 27, 2019, I served this filing on the following persons via CM/ECF:

    Counsel for Defendants Gurbir S. Grewal and Matthew Denn
    Ronald Casey Low
    Kenneth W. Taber
    Benjamin D. Tievsky

    Counsel for Defendant Michael Feuer
    Connie K. Chan
    James P. Clark
    Michael M. Walsh
    Jason P. Steed

    Counsel for Defendants Josh Shapiro and Thomas Wolf
    J. David Cabello
    John D. Kimball

    Counsel for Defendant Andrew Cuomo
    Pete Marketos
    Tyler Bexley

    Counsel for Plaintiffs
    Chad Flores
    Daniel N. Hammond
    Matthew A. Goldstein
    Joshua Michael Blackman

/s/ *Chad Flores*
Chad Flores