IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § § | Case No. 1:18-CV-637 |
| Plaintiffs, | § § § | |
| v. | § § | |
| UNITED STATES DEPARTMENT OF STATE, MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy, | § § § § § § § § § § § | Plaintiffs' Response to Gurbir Grewal's Motion to Sever and Transfer Venue |
| and | § § | |
| GURBIR GREWAL, Attorney General of the State of New Jersey | § § § | |
| Defendants. | § | |

Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") file this response to Defendant Gurbir Grewal's Motion to Sever and to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), Dkt. 121.

### ARGUMENT

The Court should deny both the motion to sever and the motion to transfer venue for essentially the same reasons as the State Department gives in its response, Dkt. 134-01 at 3-19. Plaintiffs agree with and adopt the State Department's response except to the extent noted here. Aside from a few disagreements about immaterial details,[1] Plaintiffs' position differs from the State Department's only in that Plaintiffs advance two additional lines of argument that bolster the State Department's existing reasons to deny Grewal's motions.

### I.      Grewal's venue arguments contradict the Fifth Circuit's decision on jurisdiction.

Grewal's venue motion argues that, "[w]ere this matter to remain in Texas, this Court would need to adjudicate threshold jurisdictional issues, including Plaintiffs' uphill battle to establish jurisdiction over the new claims against § 2C:39-9(*l*)(2), before reaching the merits of the case. " Dkt. 121 at 1. The Court should reject this argument for the reasons given by the State Department, Dkt. 134-01 at 16, as well as two more.

First, even if it were true that staying in Texas required additional litigation of personal jurisdiction, that would not warrant a transfer of venue because it would do Grewal no harm. The only parties that might be injured by more litigation of personal jurisdiction are the Plaintiffs, and they are perfectly willing to proceed in Texas regardless. "That the plaintiff may suffer some

---

[1]     The State Department's response says that "Plaintiffs do not allege that State failed to comply with the settlement agreement out of deliberate intent, malice, or neglect." Dkt. 134-1 at 6. Plaintiffs do not necessarily agree with that, but the disagreement is not material to the instant motion.

The State Department's response says that the case concerns "functional files that can be used to manufacture firearms through 3-D printers." Dkt. 134-1 at 7-8. Plaintiffs do not necessarily agree with that description, but the disagreement is not material to the instant motion.

inconvenience in the district it chose is not an argument that a defendant can make successfully in support of its transfer motion."  15 Charles Wright & Arthur Miller, et al., Federal Practice & Procedure: Jurisdiction and Related Matters § 3849 (West 2020).

Second, and more importantly, Grewal's premise is wrong.  There are no more issues of personal jurisdiction to litigate.  This Court's personal jurisdiction over Grewal has been settled *completely* by the Fifth Circuit's decision in *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020).  That decision held that Grewal's Rule 12 motion to dismiss for lack of personal jurisdiction should have been denied *in its entirety*.  The Fifth Circuit rejected Grewal's jurisdictional arguments as to both his invocation of a common law nuisance tort *and* his attempt to enforce New Jersey's new speech crime against Plaintiffs.  No claim-by-claim distinction was made.

Grewal's contrary procedural point is wrong.  He says that, when this Court issued the final judgment that was appealed, the Plaintiffs had *not* yet put the speech crime matters at issue.  So on Grewal's view, the Fifth Circuit's opinion did not pertain to personal jurisdiction over the speech crime matters.  But when this Court issued the final judgment that was appealed, the Plaintiffs *had* put the speech crime matters at issue in accordance with standard procedural rules.[2]

Therefore, the courts proceeded accordingly.  This Court rightly deemed the speech crime matters part of what the "instant action concerns" and part of what the claims "include." Doc. 100 at 3-4.  And the Fifth Circuit then rightly analyzed personal jurisdiction by accounting for the speech crime matters.  *See, e.g., Defense Distributed v. Grewal*, 971 F.3d at 489 ("Of relevance to

---

[2] Immediate amendment of the complaint was *not* required because the Plaintiffs had presented the speech crime issues by way of their motion for a preliminary injunction, *see* Dkt. 67 at 4 n.1 ("This motion also sets forth facts occurring after the complaint's filing, which should be accounted for even if pleadings need to be amended later.").  That is a perfectly orthodox procedure to invoke, *see* Wright & Miller § 2949 & nn. 5-6, and when the Plaintiffs' motion for a preliminary injunction expressly announced that they were doing so, Dkt. 67 at 4 n.1, no one objected.

this appeal, plaintiffs alleged these actions by Grewal: . . . (4) threatening Defense Distributed with criminal sanctions at a live press conference.").  Hence, when Grewal lost the Fifth Circuit appeal, he lost it as to *all* aspects of the case that is now pleaded by the Second Amended Complaint.

Now is too late for Grewal to seek jurisdictional carveouts regarding the case's speech crime matters.  To get such relief, Grewal should have argued about it to the Fifth Circuit already. But he failed to make any such argument when the opportunity existed.  The Fifth Circuit's total and unqualified rejection of Grewal's personal jurisdiction defense is therefore law of the case that he is precluded from challenging at this stage.  *See, e.g.*, *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication").

## II.    Duplicative-litigation arguments are wrong and estopped.

Another of Grewal's venue arguments complains about cases existing in both Texas and New Jersey at once, the "risk of conflicting rulings," and the "expenditure of judicial resources." Dkt. 121 at 8.  The Court should reject these arguments for the reasons given by the State Department, Dkt. 134-01 at 15-17, as well as three more.

First, the Court should disregard these arguments because they are not matters of venue. They are stay/abstention arguments to be considered, if at all, in a motion that seeks that relief.

Second, the Court should disregard the concern for conflicting rulings because preclusion doctrines solve for that completely.  Grewal has no answer to this.

Last but not least, the Court should disregard these arguments because of what Grewal himself obtained in New Jersey.  Critically, Grewal himself fought tooth and nail—successfully— to stay the New Jersey case against Grewal by Plaintiffs and others.  *See Def. Distributed v. Attorney Gen. of New Jersey*, 972 F.3d 193 (3d Cir. 2020).  He convinced the district court in New

Jersey to order that the New Jersey action be "STAYED until the action in the Western District of Texas ... is resolved and no other motions for relief and/or appeals are viable." *Id.* at 197; Ex. A. And Grewal then successfully defended that order in the Third Circuit.

In particular, Grewal in the Third Circuit argued that, with the stay of the New Jersey action in place, Defense Distributed and SAF could "continue to litigate their case against Section 3(*l*)(2) in the Texas Action." Ex. B at 8. He convinced the Third Circuit that it should "stay its hand and allow the Fifth Circuit, in the first instance, to adjudicate the claims presented." *Id.* at 10. Plaintiffs are now doing precisely what Grewal told the District of New Jersey and Third Circuit was ok. So long as that stay order remains in effect, Grewal's concerns about parallel litigation are empty.

Grewal's successful effort to have the New Jersey case stayed in favor of this action does not just disprove his current argument about simultaneous litigation. It triggers judicial estoppel because "a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *New Hampshire v. Maine*, 532 U.S. 742, 742–43 (2001). Grewal's current argument – that a transfer should occur because the two cases might proceed simultaneously – is inconsistent with the one-case-at-a-time position that Grewal successfully convinced the District of New Jersey and Third Circuit to adopt. Having successfully told those courts that the case in Texas can and should proceed alone, Grewal is estopped from taking a contrary position here via the transfer request.

## CONCLUSION

For these reasons, and for those given by the State Department's response, Dkt. 134-01, the Court should deny the motion in its entirety.

Date: January 11, 2021.

Respectfully submitted,

BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores
cflores@beckredden.com
State Bar No. 24059759
Daniel Nightingale
dhammond@beckredden.com
State Bar No. 24098886
Hannah Roblyer
hroblyer@beckredden.com
State Bar No. 24106356
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

FARHANG & MEDCOFF
Matthew Goldstein
mgoldstein@farhangmedcoff.com
D.C. Bar No. 975000
4801 E. Broadway Blvd., Suite 311
Tucson, AZ 85711
(202) 550-0040 | (520) 790-5433 (fax)

Josh Blackman
joshblackman@gmail.com
Texas Bar No. 24118169
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

Attorneys for Plaintiffs Defense Distributed
and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on all parties and/or their counsel of record through a manner authorized by Federal Rule of Civil Procedure 5(b) on January 11, 2021.


/s/ Chad Flores
Chad Flores