IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § § | Case No. 1:18-CV-637 |
| Plaintiffs, | § § | |
| v. | § § | Plaintiffs' Motion for a Temporary Restraining Order and Against the State Department |
| UNITED STATES DEPARTMENT OF STATE, ANTHONY BLINKEN, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy, | § § § § § § § § § § § | |
| and | § § | |
| GURBIR GREWAL, Attorney General of the State of New Jersey | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the motion of Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") against Defendants the United States Department of State, Anthony Blinken, Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema ("the State Department") for a temporary restraining order and expedited preliminary injunction proceedings. The motion is in all respects GRANTED.

The motion for a temporary restraining order is GRANTED. The Court orders that the State Department[1] cease and desist from enforcing the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, against Defense Distributed and the Second Amendment Foundation, Inc. with respect to the ~16,000 "April 2021 Files" Defense Distributed published to defcad.com for free download by the public on April 28, 2021, and April 29, 2021.

This order expires in 14 days unless before that time the Court, for good cause, extends it for a like period or the State Department consents to a longer extension. No security in support of this order is required.

The motion is granted for the following reasons. The State Department received notice of the motion and an adequate opportunity to respond. Plaintiffs have demonstrated a strong likelihood of success on the merits of their claim that the enforcement of the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, against Plaintiffs would violate the First Amendment of the Constitution of the United States, the Second Amendment of the Constitution of the United States, the Due Process Clause of the Fifth Amendment of the Constitution of the United States, the Administrative Procedure Act, and the law of contracts. In the absence of immediate preliminary relief, Plaintiffs will likely suffer the irreparable harm of violated constitutional rights. The balance of hardships is in favor of this order because the Plaintiffs stand to lose constitutional rights forever if a needed injunction is missing; whereas the State Department

---

[1] In addition to the United States Department of State, Anthony Blinken, Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema, this order applies against anyone that both receives actual notice of it by personal service or otherwise and is either (1) an officer, agent, servant, employee, or attorney of the United States Department of State, Michael R. Pompeo, Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema, or (2) in active concert or participation with the United States Department of State, Michael R. Pompeo, Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema. In addition to Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc., this order operates in favor of their officers, agents, servants, employees, and attorneys.

stands to lose essentially nothing due to a brief injunction—especially where, as here, all of the files at issue are already online and will be online forever. A temporary restraining order will serve the public interest by preventing the violation of Constitutional rights.

The Court orders the following briefing schedule for Plaintiffs' motion for a preliminary injunction:

Plaintiffs' motion for a preliminary injunction is due on or before May 5, 2021

The State Department's response is due on or before May 10, 2021.

Plaintiffs' reply is due on or before May 12, 2021.

The preliminary injunction hearing will be held on May 13, 2021.

It is so ORDERED.

**SIGNED** on _____ \_\_, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE