IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | 1:18-CV-637-RP |
| UNITED STATES DEPARTMENT OF STATE, ANTHONY BLINKEN, *in his official capacity as Secretary of State*; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, *in his official capacity as Deputy Assistant Secretary of Defense Trade Controls*; SARAH HEIDEMA, *in her official capacity as Director of Policy, Office of Defense Trade Controls Policy*, | § § § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.'s ("SAF" and together, "Plaintiffs") Motion for Temporary Restraining Order, (Dkt. 149). After considering the motion, the supporting evidence, and the relevant law, the Court finds that the motion should be denied.

**I. BACKGROUND**

Plaintiff Defense Distributed is a private corporation based in Austin, Texas that publishes digital firearms information online for use by the public. (2d Am. Compl., Dkt. 117, at 5, 12). Plaintiff SAF is a Washington based non-profit organization that promotes "the right to keep and bear arms," and whose members utilize Defense Distributed's website, defcad.com ("DEFCAD"), to access and upload digital firearm files. (*Id.* at 5). On June 29, 2018, Defense Distributed entered into a settlement agreement with the United States Department of State (the "State Department")

1

that resolved litigation between the parties regarding the enforcement of the Arms Export Control Act of 1976, 22 U.S.C. ch. 22 (the "AECA"), and its primary implementing regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, against Defense Distributed. (Mot. TRO, Dkt. 149, at 14). Under the terms of the settlement, the State Department agreed to promulgate rules creating an exception to those regulations for Defense Distributed's publication of printable gun files. (*Id.* at 15–18).

The State Department's fulfillment of the settlement agreement was hampered by an action initiated by state attorneys general in the United States Court for the Western District of Washington (the "Washington Suit"), where that court vacated certain actions taken by the State Department to fulfill its settlement agreement with Defense Distributed because they violated the Administrative Procedures Act ("APA"). (Dkt. 117, at 30–33); *Washington v. U.S. Dep't of State*, 420 F. Supp. 3d 1130, 1148 (W.D. Wash. 2019), *appeal dismissed sub nom. State v. Def. Distributed*, No. 20-35030, 2020 WL 4332902 (9th Cir. July 21, 2020). The Ninth Circuit dismissed Defense Distributed's appeal of the decision, as well as its motion for reconsideration en banc. (*Id.* at 34); *State v. Def. Distributed*, No. 20-35030, Dkt. 32 (9th Cir. Jan. 5, 2021). Plaintiffs maintain that the State Department remains in violation of the 2018 settlement agreement. (Dkt. 149, at 27–28).

On the basis of these allegations, Plaintiffs assert causes of action against Defendants State Department, Anthony Blinken, United States Secretary of State, Directorate of Defense Trade Controls, Sarah Heidema, Director of the Office of Defense Trade Controls, and Mike Miller, the State Department's Deputy Assistant Secretary of State for Defense Trade in the Bureau of Political-Military Affairs, (collectively, "Federal Defendants") for (1) violations of the Administrative Procedures Act ("APA") sections 706(2)(A), 706(2)(C), and 706(2)(D); (2) violations of Plaintiffs' First Amendment rights; (3) violations of Plaintiffs' Second Amendment rights; (4) violations of the

Due Process Clause of the Fifth Amendment; and (5) Breach of Contract. (2d Am. Compl., Dkt. 117, at 49–70).

The instant motion for temporary restraining order arises out of an April 29, 2021 telephone conversation where the State Department told Defense Distributed that its recent publication of thousands of printable gun files violates the ITAR, 22 C.F.R. Parts 120 130. (Mot. TRO, Dkt. 149, at 29). Starting on April 28, 2021, Defense Distributed published approximately 16,000 digital files to DEFCAD (the "April 2021 Files"), including "original and legacy firearms models, [computer-aided design] data, blueprints, and drawings." (*Id.* at 11). Because the April 2021 Files have already been downloaded by users, Defense Distributed emphasizes that they "will always be available on the internet, regardless of whether or not Defense Distributed itself continues to publish them." (*Id.* at 13). The State Department has nonetheless asked Defense Distributed to "immediately cease publication of these computer files." (*Id.* at 29).

Plaintiffs filed this motion for a temporary restraining order ("TRO") on April 30, 2021, in which they ask the Court to enjoin the Federal Defendants' enforcement of certain sections of the ITAR against Plaintiffs "with respect to the ~16,000 'April 2021 Files' Defense Distributed published to defcad.com for free download by the public on April 28, 2021, and April 29, 2021." (*Id.* at 30). Plaintiffs base their request for a TRO on their First Amendment and breach of contract claims against Federal Defendants. (*Id.* at 31–35). Plaintiffs also ask the Court to set a briefing schedule for Plaintiffs' anticipated motion for preliminary injunction. (*Id.* at 30).

## II. ANALYSIS

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). In addition to these requirements, the moving party must carry its burden on all of the requirements for preliminary injunctive relief; that is the

moving party must show it is "likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 (2008). Demonstrating irreparable harm requires the moving party to show that irreparable injury is not merely possible, but likely. *See Id.* at 22. The moving party must make "a clear showing that it is at risk of irreparable harm, which entails showing a likelihood of substantial and immediate irreparable injury." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).

Plaintiffs allege that without a restraining order, "Defense Distributed will no longer both maintain its ongoing publication of the April 2021 Files on defcad.com indefinitely and publish many more files that are like the April 2021 Files in the same manner as it is publishing April 2021 Files." (Mot. TRO, Dkt. 149, at 36). Aside from generally concluding that "[t]he Constitutional rights that the State Department is violating can never be untrampled," Plaintiffs provide no evidence or legal argument regarding how their constitutional rights will be irreparably harmed before the Court can hold a hearing in this matter. (*Id.* at 36). In addition to failing to proffer any legal arguments regarding irreparable harm, Plaintiffs did not provide the Court with "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result" without a temporary restraining order as required by the Federal Rules. *See* Fed. R. Civ. P. 65(b)(1)(A). As such, Plaintiffs are not entitled to a temporary restraining order at this time.

Because Plaintiffs have not shown they will suffer immediate irreparable injury before the Court may hold a hearing, the Court will not reach the remaining TRO factors. Plaintiffs' request for a TRO is denied.

## IV. CONCLUSION

Because Plaintiffs have failed to make the showing necessary for this Court to enter a TRO, the Court will not enter Plaintiffs' requested relief at this time. **IT IS THEREFORE ORDERED** that Plaintiffs' motion, (Dkt. 149), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a hearing on Plaintiffs' forthcoming motion for a preliminary injunction on **Friday, May 14, 2021, at 9:00 a.m.** In light of the COVID-19 pandemic, the Court will hold the hearing by video conference. The Court will provide access information for the video conference within 24 hours of the scheduled proceeding.

**IT IS FURTHER ORDERED** that the parties shall file the following documents, if applicable, at least 24 hours before the scheduled hearing:

1. The names of witnesses who the parties intend to have appear;
2. The exhibits that the parties intend to offer; and
3. A single document detailing any objections the parties have to the admissibility of each exhibit. The parties are encouraged to reach an agreement on the admissibility of all exhibits. If, after conferring in good faith, they cannot reach an agreement, the Court will consider objections.

**IT IS FINALLY ORDERED** that the parties shall abide by the following briefing schedule prior to the hearing:

1. Plaintiffs shall file their motion for preliminary injunction on or before **Wednesday, May 5, 2021 at 5:00 p.m**.

2. Defendants may respond to Plaintiffs' motion for a preliminary injunction on or before **Wednesday, May 12, 2021, at 5:00 p.m.**

3. Plaintiffs may reply to Defendants' response by **Thursday, May 13, 2021, at 5:00 p.m.**

**SIGNED** on April 30, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE