IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 1:18-CV-637 |
| Plaintiffs, | § § | |
| v. | § § | Plaintiffs' Notice of Supplemental Authority |
| UNITED STATES DEPARTMENT OF STATE, ANTHONY BLINKEN, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy, | § § § § § § § § § § | |
| and | § § | |
| GURBIR GREWAL, Attorney General of the State of New Jersey | § § § | |
| Defendants. | § § | |

Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") file this notice of supplemental authority regarding their motion for a preliminary injunction against the United States Department of State, Anthony Blinken, Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema ("the State Department"). *See* Doc. 152 (motion), Doc. 155 (response), Doc. 156 (reply). Before the Court rules on this motion, it should account for important new developments that may entail a substantial change in the State Department's position.

## NOTICE OF SUPPLEMENTAL AUTHORITY

After the Court heard oral argument on Plaintiffs' motion for a preliminary injunction, the State Department took actions that may materially impact the motion's need for relief. The development occurred in the *Washington II* litigation's appeal—the one spurring the debate about whether or not the Ninth Circuit panel's judgment took effect immediately, as opposed to upon mandate issuance. In that appeal, the State Department on May 18, 2021, filed a "Consent Motion to Issue the Mandate" that asked the Ninth Circuit to issue the mandate "immediately":

> **CONSENT MOTION TO ISSUE THE MANDATE**
>
> Pursuant to Federal Rules of Appellate Procedure 27 and 41(b), the U.S. Department of State and the other federal defendants-appellants respectfully move this Court to issue the mandate in this case immediately. Counsel for the plaintiff-appellee States have informed us that they do not intend to seek further review and that they consent to immediate issuance of the mandate.

Exhibit A at 1. The motion went on to say that the Ninth Circuit should "issue the mandate immediately so that the State Department can remove [3D-printing software and technology for firearms, or firearm frames or receivers] from the U.S. Munitions List." *Id.* at 3.

The Ninth Circuit has *not* yet acted on the motion. Still, the State Department's decision to request immediate mandate issuance entails a substantial change of position that matters here.

In light of this development, the Court should defer a decision on Plaintiffs' motion for a preliminary injunction until the current need for injunctive relief can be re-assessed. Specifically, the decision should be deferred until the State Department has an opportunity to express a position about whether and to what extent it continues to oppose the relief requested by Plaintiff's motion for a preliminary injunction.

Date: May 21, 2021.                    Respectfully submitted,

BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores
cflores@beckredden.com
State Bar No. 24059759
Daniel Nightingale
dhammond@beckredden.com
State Bar No. 24098886
Hannah Roblyer
hroblyer@beckredden.com
State Bar No. 24106356
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

CLARK HILL PLC
Matthew A Goldstein
1001 Pennsylvania Avenue Northwest
Suite 1300 South
Washington, DC 20004
(202) 550-0040

Josh Blackman
joshblackman@gmail.com
Texas Bar No. 24118169
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

Attorneys for Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

    I certify that a copy of this filing was served on all parties and/or their counsel of record through a manner authorized by Federal Rule of Civil Procedure 5(b) on May 21, 2021.

<u>/s/ Chad Flores</u>
Chad Flores