IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | |
| Plaintiffs, | § § | No. 1:18-cv-637-RP |
| v. | § § | |
| U.S. DEPARTMENT OF STATE, ANTHONY BLINKEN, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy, | § § § § § § § § § § | **SUGGESTION OF MOOTNESS** |
| Defendants. | § | |

## <u>SUGGESTION OF MOOTNESS</u>

Defendants provide notice that on May 26, 2021, the Ninth Circuit Court of Appeals issued its mandate in *Washington v. U.S. Dep't of State*, No. 20-35391, Dkts. 66 & 67. (9th Cir. May 26, 2021). As Defendants previously explained, Dkt. 155 at 20–22, as a result of this mandate, the State Department no longer regulates the export of technical data related to producing certain 3-D printed firearms or components.  Accordingly, Plaintiffs' pending request for prospective injunctive relief against the State Department is now moot; the Court should deny the motion for preliminary injunction on that basis and dismiss the underlying Amended Complaint for lack of jurisdiction.

The Ninth Circuit case involved a challenge to two rules promulgated by the Department of State and the Department of Commerce.  These rules modified the regulatory regime for controlling the export of certain firearms, firearm parts, and the related technical data for those firearms and parts. 85 Fed. Reg. 3819 (Jan. 23, 2020); 85 Fed. Reg. 4136 (Jan. 23, 2020).  Under the revisions in the rules, the Department of State removed those firearms and parts along with the relevant technical data from

the U.S. Munitions List; and the Department of Commerce, which is not a party to this action, regulated the relevant firearms and data on the Commerce Control List.

The State of Washington and several other States sued to enjoin those rules, alleging that the rules violated the Administrative Procedure Act. The district court granted a preliminary injunction that enjoined the State Department's rule "insofar as it alters the status quo restrictions on technical data and software directly related to the production of firearms or firearm parts using a 3D-printer or similar equipment." *Washington v. U.S. Department of State*, 443 F. Supp. 3d 1245, 1262-63 (W.D. Wash. 2020).

The federal defendants appealed, and the Ninth Circuit held that "Congress expressly precluded review of the relevant agency actions here" in 22 U.S.C. § 2778(h) and 50 U.S.C. § 4821(a). *Washington v. U.S. Department of State*, 996 F.3d 552, 2021 WL 1621320, at *2 (9th Cir. April 27, 2021). Because the "district court erred in reviewing" the final rules, *id.* at *9, the Court "vacate[d] the injunction and remand[ed] with instructions to dismiss," *id.* at *2.  On May 26, the Ninth Circuit issued its mandate, Dkt. 66, and that court's judgment—vacating the preliminary injunction and instructing the district court to dismiss—has now taken effect.

The Ninth Circuit's mandate effectuates the April 27 opinion's vacatur of the district court's March 6, 2020 preliminary injunction.  This means that the State Department's previously issued final rule, 85 Fed. Reg. 3819 (January 23, 2020), has gone into full effect.  Consequently, the export of technical data related to producing certain 3-D printed firearms or components thereof, as described by the injunction order, is no longer controlled under the International Traffic in Arms Regulations. Instead, the export of such data is now controlled by the Export Administration Regulations, administered by the Department of Commerce, which established equivalent export controls over such technical data files. *See* 15 C.F.R. § 734.7; 85 Fed. Reg. 4136 (2020); *see also* U.S. Dep't of Commerce, *FAQs for the Commerce Categories I-III (final rule)* (May 13, 2021), https://go.usa.gov/xH6w2.

Plaintiffs' claims against the Department of State, and its motion for a preliminary injunction based on those claims, are therefore now moot. The motion should be denied and the case dismissed. Article III of the Constitution limits federal courts to the resolution of only "actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317 (1988). "A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)); *see also Burke v. Barnes*, 479 U.S. 361, 363-64 (1987) (holding expiration of bill during pendency of appeal rendered moot a legal challenge to validity of that bill); *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (holding "the issue of the validity of the old regulation is moot" where regulation was amended during appeal).

The issuance of the mandate renders moot Plaintiffs' challenges to the State Department's regulation of technical data related to producing certain 3-D printed firearms or components, including Plaintiffs' request for prospective injunctive relief. In Plaintiffs' motion, they requested an order enjoining the State Department to: "(1) cease and desist from enforcing the International Traffic in Arms Regulations . . . against Defense Distributed and the Second Amendment Foundation, Inc., and (2) cease and desist from otherwise censoring Defense Distributed and the Second Amendment Foundation, Inc. by way of civil or criminal enforcement efforts and threats of the same." Dkt. 152-2. The State Department no longer regulates the files at issue in this litigation, and so Plaintiffs' request for an injunction against the State Department in order to prevent it from enforcing the ITAR against Plaintiffs is now moot. *See* Pls.' Mot. for Prelim. Inj. at 2, Dkt. 152, (Plaintiffs' representation that implementation of the 2020 Final Rule is "sufficient" relief).

Because all of Plaintiffs' claims for prospective relief are moot, the Court lacks jurisdiction over those claims and should dismiss them outright at this juncture. And, as Defendants have

previously explained, this Court also lacks jurisdiction over Plaintiffs' breach of contract claim because such a claim must be brought in the Court of Federal Claims. *See* Dkt. 155 at 22–24. The Supreme Court has recognized that it is appropriate to terminate litigation at the preliminary injunction stage if there is no jurisdictional basis to proceed. *Munaf v. Geren*, 553 U.S. 674, 692 (2008)("Review of a preliminary injunction 'is not confined to the act of granting the injunctio[n], but extends as well to determining whether there is any insuperable objection, in point of jurisdiction or merits, to the maintenance of [the] bill, and, if so, to directing a final decree dismissing it.'") (citations omitted). Such is the case here. The Court lacks jurisdiction to adjudicate any of Plaintiffs' claims against the State Department Defendants and thus all claims in the Amended Complaint should be dismissed.

Dated: May 26, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Lisa Newman*
Zachary A. Avallone
Michael Knapp
Lisa N. Newman
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5578
Fax: (202) 616-8470
Email: lisa.n.newman@usdoj.gov

*Attorneys for U.S. Government Defendants*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on the other parties to this action and their counsel of record through electronic filing in the Court's ECF system on May 26, 2021.

/s/ *Lisa Newman*
Lisa Newman

SBU - LEGAL