# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-50327

---

Defense Distributed;
Second Amendment Foundation, Incorporated,

*Plaintiffs—Appellants*,

*versus*

Gurbir S. Grewal, Attorney General of New Jersey, in his official and individual capacities,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-637

---

United States Court of Appeals
Fifth Circuit
**FILED**
June 23, 2021
Lyle W. Cayce
Clerk

Before Jones, Elrod, and Higginson, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that the transfer order of the district court is STAYED pending further order of this court. This case, including questions of appellate jurisdiction, the orders to sever and transfer, and the request for preliminary injunction, will be set for oral argument in New Orleans during the week of August 2, 2021.

By Edith H. Jones, *Circuit Judge*:

The dissent portrays this temporary administrative stay and oral

No. 21-50327

argument order as some kind of unauthorized sua sponte "relief" to the appellant beyond what it requested in briefing. This is wrong. This court often grants temporary administrative stays of district court orders underlying an appeal so that the court may consider the issues more thoughtfully and with extra research. It is within our prerogative to do so. In this case, both parties will have fully briefed the case by the time oral argument is scheduled. The issues raised by the parties here, following nearly five years of simultaneous litigation in three states, are unusual and complex, as the dissent acknowledges. Further, the potential impact of this litigation on core First Amendment rights renders it even more important for this court thoughtfully to consider the issues before us.

No. 21-50327

STEPHEN A. HIGGINSON, *Circuit Judge*, dissenting:

I dissent. No party has requested a stay of the district court's transfer order. Rule 8 of the Federal Rules of Appellate Procedure is mandatory as to required steps and content when a stay is sought. None has been taken or given. Relatedly, Appellants have requested and received an extension of time; Appellee has yet to file its merits brief; and neither party has requested that we expedite the instant appeal. Rule 27 sets forth mandatory steps and content when expediting is sought, as Fifth Circuit Rule 27.5 confirms. Again, none has been taken or given. We should sparingly intercede with orders no party requests and that our rules explicitly govern. What further concerns me is that the instant sua sponte orders may have significant case-outcome and jurisdictional consequences, both as to the instant appeal and as to parallel litigation in a sister circuit. Finally, most concerning, both parties may be prejudiced. Appellants, in a filing two days ago, were unequivocal disclaiming the intercession ordered by the majority: "This Court is *not* being asked to enjoin anything about the interlocutory transfer or severance rulings below."

In light of our intervention as to when and how issues are presented, I would also revisit the earlier order "that any future requests for appellate relief" in this case—so without time, subject matter, or party limitation—be directed to this panel instead of one randomly allotted by the clerk of court.

3

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

June 23, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 21-50327   Defense Distributed v. Grewal
                    USDC No. 1:18-CV-637

Enclosed is an order entered in this case.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Melissa B. Courseault, Deputy Clerk
504-310-7701

Ms. Angela Cai
Ms. Jeannette Clack
Mr. Chad Flores
Mr. Alexander Hardiman
Mr. Ronald Casey Low
Mr. Daniel Nolan Nightingale
Ms. Hannah Roblyer