IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | Case No. 1:18-CV-637 |
| Plaintiffs, | § § § | |
| v. | § § | Plaintiffs' Notice of Vacatur and Related Litigation |
| UNITED STATES DEPARTMENT OF STATE, ANTONY J. BLINKEN, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy, | § § § § § § § § § § § | |
| and | § § | |
| MATTHEW J. PLATKIN, Acting Attorney General of the State of New Jersey | § § § | |
| Defendants. | § § | |

## NOTICE OF VACATUR AND RELATED LITIGATION

Currently pending before this Court is Defense Distributed and the Second Amendment Foundation's combined case against both the State Department Defendants and the New Jersey Attorney General.[1] After Rule 12 dismissal efforts temporarily disrupted the Plaintiffs' claims against the New Jersey AG, the Plaintiffs' appellate victories in *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020), and *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), rendered the dismissal efforts invalid and revived that part of the case. It is ready to proceed now.

Most recently, the Fifth Circuit's decision in *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), issued a writ of mandamus directing this Court to vacate the transfer/severance decision of April 2021. *Id.* at 436-37. The Court then complied by issuing the necessary vacatur:

> Pursuant to the Fifth Circuit Judgment, **IT IS ORDERED** that the Court's April 19, 2021, Order, (Dkt. 145), severing Defense Distributed's claims against the New Jersey Attorney General and transferring them to the United States District Court for the District of New Jersey, is **VACATED**.

Doc. 172 at 1. As a matter of law, that vacatur automatically revived the case against the New Jersey AG to its prior, pre-severance/transfer status. *See* 47 Am. Jur. 2d Judgments § 676 (2009) ("When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. The vacated judgment lacks force or effect and places the parties in the position they occupied before entry of the judgment, with the underlying case and the original pleadings intact."); *Ditto v. McCurdy*, 510 F.3d 1070, 1077 & n.4 (9th Cir. 2007) (same).

---

[1] Because the United States Secretary of State and New Jersey Attorney General are being sued in their official capacities and the suit's previously-named officers left those offices, Federal Rule of Civil Procedure 25(d) automatically substitutes their successors as defendants.

The resulting procedural posture is clear. Plaintiffs' case against the New Jersey AG is here, live, and ready to proceed. The live complaint is the Second Amendment Complaint, which sues the State Department Defendants and the New Jersey AG together. Doc. 117. The New Jersey AG's motions regarding jurisdiction and venue have been deemed meritless. So the claims against the New Jersey AG are ready to continue, just as the Fifth Circuit indicated: "Upon return of this case to the Western District of Texas, the court should entertain a motion for preliminary injunction expeditiously." *Def. Distributed v. Bruck*, 30 F.4th 414, 421 (5th Cir. 2022). By separate filing the Plaintiffs are moving for a preliminary injunction against the New Jersey AG.

Related actions are pending in the United States District Court for the District Court of New Jersey. District of New Jersey case number 3:19-cv-4753 was originally filed in New Jersey as a result of the original case in this Court having been stalled by the personal jurisdiction appeal that Plaintiffs eventually won in 2020. District of New Jersey case number 3:21-cv-9867 comes from the case that was originally filed in Texas and was stalled by the venue dispute that Plaintiffs won earlier this year. The District of New Jersey is currently deciding whether to transfer one or both of those cases to this Court. Plaintiffs anticipate that the transfer from New Jersey to Texas will occur in short order, and that when it does, everything should be consolidated in this Court. Critically, though, this Court *need not wait* for any other cases to be transferred to Texas in order to proceed with Plaintiffs' original case against the New Jersey AG—the instant case that has "first filed" status, was revived by the Fifth Circuit decisions about personal jurisdiction and venue, and is now back pending before this Court and ready to proceed. The instant case's claims against the New Jersey AG can and should proceed immediately, with implications of any future transfers to be decided if and when they occur.

## CONCLUSION

This notice does not seek any relief because none is needed. The Court's issuance of the order vacating its severance/transfer decision has done all of the key work already. The Fifth Circuit has held that this Court should now "entertain a motion for preliminary injunction expeditiously," *Def. Distributed v. Bruck*, 30 F.4th 414, 421 (5th Cir. 2022), and Plaintiffs will be presenting that request by separate filing.

Date: June 6, 2022.                              Respectfully submitted,

BECK REDDEN LLP
By /s/ Chad Flores
Chad Flores
cflores@beckredden.com
State Bar No. 24059759
Hannah Roblyer
hroblyer@beckredden.com
State Bar No. 24106356
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700 | (713) 952-3720 (fax)

CLARK HILL PLC
Matthew A Goldstein
mgoldstein@clarkhill.com
D.C. Bar No. 975000
1001 Pennsylvania Avenue Northwest
Suite 1300 South
Washington, DC 20004
(202) 550-0040 | 202-552-2371 (fax)

Josh Blackman
joshblackman@gmail.com
Texas Bar No. 24118169
1303 San Jacinto Street
Houston, TX 77002
(202) 294-9003 | (713) 646-1766 (fax)

Attorneys for Plaintiffs Defense Distributed
and Second Amendment Foundation, Inc.

## CERTIFICATE OF SERVICE

    I certify that a copy of this filing was served on all parties and/or their counsel of record through a manner authorized by Federal Rule of Civil Procedure 5(b) on June 6, 2022.

/s/ Chad Flores
Chad Flores