IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and<br>SECOND AMENDMENT FOUNDATION, INC.,<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE, ANTONY J. BLINKEN, in his<br>official capacity as Secretary of State;<br>DIRECTORATE OF DEFENSE TRADE<br>CONTROLS; MIKE MILLER, in his official<br>capacity as Acting Deputy Assistant Secretary of<br>Defense Trade Controls; SARAH HEIDEMA, in<br>her official capacity as Director of Policy, Office<br>of Defense Trade Controls Policy,<br><br>and<br><br>MATTHEW J. PLATKIN, Acting Attorney<br>General of the State of New Jersey<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | Case No. 1:18-CV-637<br><br><br><br><br><br>Plaintiffs' Motion to Grant as<br>Unopposed or Set a Hearing |

**Argument**

Plaintiffs have moved for a preliminary injunction against the New Jersey AG, requesting that he be enjoined from (1) enforcing New Jersey Statute § 2C:39-9(*l*)(2) against the Plaintiffs, and (2) using cease-and-desist letters and other civil legal actions to stop the Plaintiffs' publication of digital firearms information.  Doc. 174; *see also* Document 173 (Notice of Vacatur and Related Litigation).  Plaintiffs' filings show "how *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), and this Court's vacatur of the April 2021 transfer/severance decision have, as a matter of law without the need for further Court order or party pleading amendments, revived the Plaintiffs' case against the New Jersey AG as pleaded by the Second Amended Complaint."  *Id.* at 2 n.1; *see also id.* (alternative request for leave to amend).

The New Jersey AG refused to respond.  Even though his counsel of record received normal electronic notice of both Documents 173 and 174, the June 20 response deadline was unmet.  Instead of filing anything with the Court, the New Jersey AG only said this via email: "Because New Jersey is not a party, it has no obligation to respond, and in fact could not respond without intervening in this docket."  Ex. A (June 24 email from counsel for the New Jersey AG to Plaintiffs' counsel).  This refusal is legally wrong for the reasons already explained, *see* Doc. 173; Doc. 174 at 2 n.1, and it prejudices Plaintiffs by unnecessarily prolonging the infliction of irreparable harm.  It amounts to an abdication of the judicial process that must have meaningful consequences.

Primarily, Plaintiffs request that the Court grant the Document 174 motion as unopposed.  Local Rule 7 provides that where, as here, "there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."  W.D. Tex. Local Rule CV-7(a)(d)(2).  This is fair because the New Jersey AG chose this path knowing full well the possible consequences, *see* Ex. A, and because there is a way for him to undo it.  If the New Jersey AG

1

wants to have the requested injunction lifted, all he would have to do is prove his entitlement to that relief by following the ordinary rules of motion practice he currently refuses to comply with.

Alternatively, the Court should set a hearing on the Document 174 motion for the week of July 11, 2022, and make the New Jersey AG's response deadline July 8, 2022. The minimal burden of filing a brief quicker than usual pales in comparison to the harm that more delay causes. The Document 174 motion for a preliminary injunction needs immediate adjudication because, with every passing day, the New Jersey AG's unconstitutional censorship inflicts irreparable harm by abridging the Plaintiffs' First Amendment rights to free speech. Given that the New Jersey AG's improper procedural chicanery caused this latest delay, he alone should bear its resulting burdens.

## Conclusion

The motion for a preliminary injunction, Doc. 174, should be granted as unopposed. Alternatively, the Court should set a hearing on the motion for the week of July 11, 2022, and make the New Jersey AG's response deadline July 8, 2022.

| | |
|---|---|
| Date: July 1, 2022. | Respectfully submitted,<br><br>BECK REDDEN LLP<br><br>By   */s/ Chad Flores*<br>         Chad Flores<br>         cflores@beckredden.com<br>         State Bar No. 24059759<br>1221 McKinney St., Suite 4500<br>Houston, TX 77010<br>(713) 951-3700 | (713) 952-3720 (fax)<br><br>CLARK HILL PLC<br>Matthew A Goldstein<br>mgoldstein@clarkhill.com<br>D.C. Bar No. 975000<br>1001 Pennsylvania Avenue Northwest<br>Suite 1300 South<br>Washington, DC 20004<br>(202) 550-0040 | 202-552-2371 (fax)<br><br>Josh Blackman<br>joshblackman@gmail.com<br>Texas Bar No. 24118169<br>1303 San Jacinto Street<br>Houston, TX 77002<br>(202) 294-9003 | (713) 646-1766 (fax)<br><br>Attorneys for Plaintiffs Defense Distributed and Second Amendment Foundation, Inc. |

## Certificate Of Service

I certify that a copy of this filing was served on all parties and/or their counsel of record through a manner authorized by Federal Rule of Civil Procedure 5(b) on July 1, 2022.

*/s/ Chad Flores*
Chad Flores